# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| CATINA VAUGHN | CIVIL ACTION NO. 6:18-CV-01447 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| TERRY TAYLOR, ET AL. | MAG. JUDGE CAROL WHITEHURST |

## RULING

Pending before the Court is the Motion for Partial Summary Judgment filed by Defendants Terry Taylor ("Taylor"), Boan Contracting Company, Inc. ("Boan"), and Zurich American Insurance Company [Doc. No. 11]. Defendants move the Court for partial summary judgment, contending that Plaintiff Catina Vaughn ("Vaughn") cannot simultaneously pursue both (1) a negligence cause of action against Taylor, for which Boan will be vicariously liable if Taylor is found liable; and (2) direct negligence claims against Boan when it has admitted that Taylor was acting in the course and scope of his employment at the time of the accident. Vaughn has not filed an opposition to the motion.

For the following reasons, the Defendants' Motion for Partial Summary Judgment is GRANTED, and Vaughn's direct negligence claims against Boan are DISMISSED WITH PREJUDICE.

## I. FACTS AND PROCEDURAL BACKGROUND

This case arises out of a motor vehicle accident. Vaughn contends that an automobile accident occurred when Taylor, an employee of Boan, suddenly switched lanes striking her vehicle, on September 26, 2017, in St. Mary Parish, Louisiana.

Vaughn alleges that the accident was caused by the negligence of Taylor in failing to ensure that he could switch lanes safely before doing so, failing to keep a proper lookout, and failing to keep his vehicle under control. Vaughn also alleges that Boan was directly negligent by failing to give the proper instructions to Taylor in training regarding operation of a vehicle, permitting the reckless and negligent operation of a vehicle used for company business by Taylor, and failing to ensure its employee, Taylor, acted reasonably while carrying out company business.

Without admitting to liability, Boan has stipulated that Taylor was acting within the course and scope of his employment with Boan at the time of the accident.

On December 18, 2018, the Defendants filed the instant Motion for Partial Summary Judgment. Vaughn was to file her opposition, if any, no later than January 8, 2019. That date has passed with no opposition being filed. The Court is now prepared to rule.

## II. LAW AND ANALYSIS

### A. Summary Judgment

Summary judgment "shall [be] grant[ed] . . . if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id*.

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). The nonmoving party must show more than "some

metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In evaluating the evidence tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255.

Although a district court may not grant summary judgment simply because a party's motion is unopposed, "[i]f a party … fails to properly address another party's assertion of fact as required by Rule 56(c)," then "the [district] court may … consider the fact undisputed for the purposes of the motion [and] grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." FED R. CIV. P. 56(e); *see also Calais v. Theriot*, 589 Fed. App'x. 310, 311 & n.4 (5th Cir. 2015) (per curiam).

### B. Maintainability of Simultaneously Independent Causes of Action

In diversity cases such as this, federal courts must apply state substantive law. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 79 (1938). In Louisiana, the principle of vicarious liability provides employers are "answerable for the damage occasioned" by their employees when their employees are exercising the functions of their employment. LA. CIV. CODE ART. 2320. Vicarious liability in the employment context imposes liability upon the employer without regard to the employer's negligence or fault. *Sampay v. Morton Salt Co.*, 395 So.2d 326 (La. 1981). In such cases, the liability of the employer is derivative of the liability of the employee. *Narcise v. Illiinois Central Gulf Rail Co.*, 447 So.2d 1192 (La. 1983).

Defendants move the Court for partial summary judgment, contending that Vaughn, as a matter of law, cannot simultaneously maintain independent causes of action in tort against Taylor for his actions on the date of the accident, and against Boan for negligent entrustment, hiring,

supervision, training and retention of Taylor, where the Defendants have stipulated Taylor was acting within the course and scope of his employment with Boan at the time of the accident.

In support of their arguments for partial summary judgment, Defendants cite *Liberstat v. J&K Trucking, Inc.*, 00-192 (La. App. 3 Cir. 10/11/00), 772 So.2d 173, *writ denied*, 01-458 (La. 4/12/01), 789 So.2d 598, where the plaintiffs alleged negligence of a truck driver as well as the negligent hiring and training by his employer, also a defendant. The trial court did not instruct the jury regarding the negligent hiring and training causes of action but only instructed the jury as to the negligence cause of action of the driver. The Louisiana Third Circuit Court of Appeal noted this was "an accurate reflection of the law," in affirming the trial court. *Id.,* at 179. The employer, the Third Circuit noted, would be liable for the actions of its employee under the theory of *respondeat superior*. *Id*. If the employee breached a duty to the plaintiffs, then the employer is liable under *respondeat superior*. *Id*. If the employee did not breach a duty, no degree of negligence on the part of the employer for hiring or training the employee would make the employer liable. *Id*.

Additionally, Defendants cite *Dennis v. Collins*, No. 15-2410, 2016 WL 6637973 (W.D. La. November 9, 2016), where the Honorable S. Maurice Hicks, Jr., surveyed the available Louisiana jurisprudence on this issue and found the best synthesis of the state decisions into single rule statements to be as follows:

> A plaintiff *may* simultaneously maintain independent causes of action in tort against both an employee and an employer for the same incident when:
>
> (1) the plaintiff alleges both
>
>     (a)    an *intentional* tort by the employee and
>     (b)    negligent hiring, training, and/or supervision by the employer; or

4

(2) the plaintiff alleges both

    (a)    negligence by the employee and

    (b)    negligent hiring, training, and/or supervision by the employer; and

    (c)    the employer does not stipulate that the employee acted in the course and scope of employment.

Conversely, a plaintiff *may not* simultaneously maintain independent causes of action in tort against both an employee and an employer for the same incident when the plaintiff alleges both

    (a)    negligence by the employee and

    (b)    negligent hiring, training, and/or supervision by the employer; and

    (c)    the employer stipulates that the employee acted in the course and scope of employment.

*Id.* at * 6-7 (citing *Griffin v. Kmart Corp.*, 00-1334 (La. App. 5 Cir. 11/28/00), 776 So.2d 1226; *Roberts v. Benoit*, 91-0394 (La. 1991), 605 So.2d 1032; and *Libersat*, *supra*); *see also Wilcox v. Harco Internat'l Insurance*, No. 16-187, 2017 WL 2772088 (M.D. La. June 26, 2017) (citing *Dennis* with approval); *Wright v. National Interstate Ins. Co.*, CV 16-16214, 2017 WL 5157537 (E.D. La. November 7, 2017) (same).

The facts of this case fall squarely within the last scenario set forth in *Dennis*, in that the plaintiff has alleged both negligence by the employee and negligent hiring, training, and/or supervision by the employer, and the employer has stipulated that the employee acted in the course and scope of employment. Therefore, Vaughn *may not* simultaneously maintain independent causes of action against both Taylor and Boan, according to *Dennis*.

Although *Dennis* is not binding precedent, this Court is nonetheless persuaded by the rule

and reasons pronounced therein. The *Dennis* court researched a wealth of Louisiana federal and state jurisprudence on this issue and held:

> If the trier of fact finds that he was negligent and that his negligence was a cause-in-fact and legal cause of Dennis's injuries, then Greyhound is liable for Collins' actions. If he was not negligent, then no amount of negligence on the part of Greyhound in training and supervising him could have been the cause-in-fact or legal cause of the collision and Dennis's injuries.

*Id*. at *8.

By filing no opposition, Vaughn has failed to show why the same conclusion is not mandated in the present case. Vaughn has offered no genuinely disputed material fact or legal argument in the present case to defeat Defendants' entitlement to summary judgment.

III. **CONCLUSION**

For the foregoing reasons, Defendants' Motion for Partial Summary Judgment [Doc. No. 11] is GRANTED. Vaughn's direct negligence claims against Boan, including those for allowing Taylor to operate the vehicle, failing to train him, and failing to maintain the vehicle, are DISMISSED WITH PREJUDICE. Due to the principle of vicarious liability, Boan will remain a defendant in this matter.

MONROE, LOUISIANA, this 10th day of January, 2019.

                                      **TERRY A. DOUGHTY**
                                      **UNITED STATES DISTRICT JUDGE**